**BEIRIGER AND SONS IRRIGATION, INC., a Colorado corporation,**
**Plaintiff-Appellee,**

v.

**SOUTHWEST LAND COMPANY, INC., a Colorado corporation,**
**Defendant-Appellant.**

**No. 84CA0444.**

Colorado Court of Appeals,
Div. III.

July 18, 1985.

Robert L. Pastore, Alamosa, for plaintiff-appellee.

Lucero & Kadinger, P.C., Richard A. Kadinger, Helen Sigmond, Alamosa, for defendant-appellant.

STERNBERG, Judge.

By contract entered into in mid-March 1982, Beiriger and Sons Irrigation, Inc., (seller) sold, and Southwest Land Company (purchaser) purchased, a sprinkler system to be used in irrigating Southwest's land. The contract price was $103,209, of which the purchaser paid $32,000 down, with the balance payable upon delivery. Because of design problems, the system did not become operational until July 4, 1982. The purchaser, therefore, refused to pay the balance due. Thereafter, the seller sued for the remainder of the contract price, and the purchaser counterclaimed seeking damages for expenses incurred in modifying the water delivery system, in moving obstacles from the path of the sprinkler, and for crop and fertilizer losses.

The trial court awarded the seller the balance due on the contract price, but gave the purchaser a set-off in the amount of $17,349.80, for the expenses incurred in correction of the inoperable design. The court dismissed the other counterclaims, finding that under the circumstances the delivery date was not untimely, and there was insufficient evidence to establish that the purchaser's moving expenses were

properly attributable to the seller. We affirm.

The parties agree that no specific date was set for delivery, but they anticipated that the system would be used in conjunction with the 1982 crop. After encountering many difficulties in installation, the sprinklers finally became fully operational on July 4, 1982.

At trial, the evidence established that in order to mature, oats must be sown by June 1. However, as a result of the delay in getting the sprinkler operational, the purchaser did not sow a crop of oats until the end of June. The crop was harvested in October, but because it had not matured, the harvest was used as hay. The purchaser claimed the difference in the value of the mature oats and oats as hay, as well as losses for topsoil erosion and fertilizer, as consequential damages caused by the seller's failure to have the sprinkler system operative before July 4.

We agree with the trial court's conclusion that, inasmuch as there was no agreement between the parties for a specific delivery date, the purchaser is not entitled to damages for crop loss, fertilizer loss, and loss of topsoil.

There was no evidence presented that the seller knew that oats was the 1982 crop on which the sprinkler was to be used or that such crop had to be planted by June 1. Although there was evidence that sometime during May, the seller became aware that the purchaser was concerned about when the system would be completed, no agreement as to a delivery date was shown.

The purchaser is correct that, under either the Uniform Commercial Code or common law, where no delivery date is specified, a reasonable date will be furnished by the court. *See Colorado Woman's College v. Bradford-Robinson Printing Co.*, 114 Colo. 237, 157 P.2d 612 (1945); § 4-1-204, C.R.S. However, there is no evidence that the date of delivery was unreasonable under the circumstances. That the date of delivery did not meet expectations of the purchaser does not necessarily make it either unreasonable or untimely.

The court did not award damages because it did not find the delivery untimely, noting that it would have found otherwise had the parties contracted for a specific date of delivery, or had they made an understanding of the purchaser's needs apparent. Under these circumstances, we perceive no error in this ruling.

The other contentions of error are without merit.

The judgment is affirmed.

METZGER and BABCOCK, JJ., concur.